UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDID VENTURES, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEW VENTURES, INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-07800-HSG<br><br>**ORDER REGARDING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

　　　　Pending before the Court is Plaintiff Candid Ventures, LLC's ("Plaintiff") application for a temporary restraining order ("TRO"). *See* Dkt. No. 2. Plaintiff alleges that Defendants Suresh Deopura, FeathersUp India Pvt. Ltd., and Dew Ventures, Inc. ("Dew Ventures") (collectively, "Defendants") engaged in the fraudulent transfer of assets held by non-party Nestlings, Inc. ("Nestlings") in order to deprive Plaintiff of its equity interests in Nestlings. *See* Dkt. No. 1 at ¶¶ 1, 62. Specifically, Plaintiff alleges that in September 2024, Defendants improperly transferred all of Nestlings' assets to Dew Ventures without obtaining Plaintiff's authorization as priority creditor and preferred shareholder of Nestlings. *Id.* ¶¶ 53, 63. Plaintiff seeks an immediate TRO freezing all of Nestlings' assets and accounts transferred to Dew Ventures and preventing Defendants from further transfers of any such assets or accounts. *See* Dkt. No. 2 at 1.

　　　　A TRO is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under Federal Rule of Civil Procedure 65, a TRO may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). However, Rule 65(b)(1) only allows a court to issue a TRO without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

United States District Court
Northern District of California

1  damage will result to the movant before the adverse party can be heard in opposition; and (B) the
2  movant's attorney certifies in writing any efforts made to give notice and the reasons why it
3  should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).
4    Having reviewed Plaintiff's application, the Court finds that Plaintiff has not met the strict
5  requirements of Rule 65. Plaintiff has not shown that immediate and irreparable harm will result
6  before Defendants can be heard. Plaintiff's only justification for why notice should not be
7  required in this instance is Plaintiff's counsel's representation that after Plaintiff notified
8  Defendants of Plaintiff's intent to seek a TRO in Plaintiff's prior action against Nestlings and Dew
9  Ventures in the Southern District of Ohio, Defendants then executed the agreement to transfer
10 Nestlings' funds to Dew Ventures. *See* Dkt. No. 4 (Womick Decl.) at 6. But none of that is
11 relevant to question of whether the relief sought in the TRO before this Court should be
12 immediately granted without notice to the adverse party, as the conduct complained of (the
13 allegedly unlawful transfer of all of Nestlings' assets to Dew Ventures) occurred almost two
14 months ago in September 2024. *See* Dkt. No. 2 at 13.
15   Plaintiff is therefore **DIRECTED** to serve the complaint, the application for a TRO, and
16 this order on Defendants by no later than 5:00 p.m. on Wednesday, November 13, 2024. Plaintiff
17 must also file a declaration and any supporting proof confirming that this was done by 6:00 p.m.
18 on Wednesday, November 13, 2024. Should Defendants oppose the relief sought by Plaintiff,
19 Defendants must file a response no later than 5:00 p.m. on Monday, November 18, 2024. The
20 motion will stand submitted at that time unless otherwise ordered.
21   **IT IS SO ORDERED.**
22 Dated: 11/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge