UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDID VENTURES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DEW VENTURES, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-07800-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Pending before the Court is Plaintiff Candid Ventures, LLC's ("Plaintiff") application for a temporary restraining order. Dkt. No. 2. The Court held a hearing on the motion on November 26, 2024, and took the matter under submission. The Court **GRANTS IN PART** and **DENIES IN PART** the request.

I. **BACKGROUND**

Plaintiff alleges that Defendants Suresh Deopura, FeathersUp India Pvt. Ltd. ("FeathersUp"), and Dew Ventures, Inc. ("Dew Ventures") (collectively, "Defendants") engaged in the fraudulent transfer of assets held by non-party Nestlings, Inc. ("Nestlings") in order to deprive Plaintiff of its equity interest in Nestlings. *See* Dkt. No. 1 ("Compl.") at ¶¶ 1, 62. Specifically, Plaintiff alleges that it loaned Nestlings a total of $51,000 via two loans reflected in notes perfected with the California Secretary of State in August 2024, while Nestlings also incurred an unauthorized and unsecured debt from Dew Ventures. *Id.* ¶¶ 22, 34. Then, in September 2024, after Plaintiff demanded repayment of its loans, Plaintiff alleges Defendants improperly transferred all of Nestlings' assets to Dew Ventures without obtaining Plaintiff's authorization as priority creditor and preferred shareholder of Nestlings. *Id.* ¶¶ 53, 63.

Prior to seeking relief in this Court, on September 24, 2024, Plaintiff sought a temporary

1  restraining order in the Southern District of Ohio to enjoin the transfer of Nestlings' assets to Dew

2  Ventures or any other third party.  *See Candid Ventures, LLC v. Nestlings, Inc.*, No. 1:24-CV-528,

3  2024 WL 4647881, at *2 (S.D. Ohio Nov. 1, 2024).  Plaintiff also brought a breach of contract

4  claim against Nestlings, a tortious interference of contract claim against Dew Ventures, breach of

5  fiduciary duty and fraud claims against Nestlings officers Rajashekar Basavaraju and Sowmya

6  Satish, conspiracy claims against all Defendants, and a demand for accounting by Nestlings.  *See*

7  *id.* at *3.  The Ohio court granted the TRO, enjoining Nestlings from transferring any of its assets

8  and preventing Nestlings from taking any corporate action to harm Candid Ventures as a

9  shareholder.  *See id.*  Plaintiff then moved for a preliminary injunction, and Dew Ventures filed a

10 motion to dismiss it as a defendant for lack of personal jurisdiction, which the court granted.

11 *See id.*

12      The Ohio court ultimately denied the motion for preliminary injunction on November 1,

13 2024.  The court found that although Plaintiff was likely to succeed on the merits of its breach of

14 contract claim against Nestlings, the irreparable harm requirement was not met:  by the time the

15 court considered the preliminary injunction motion, Nestlings no longer controlled or possessed

16 any of the contested assets, and so Plaintiff could not show that its shareholder rights would be

17 irreparably harmed without the freezing of Nestlings' remaining assets.  *Candid Ventures*, 2024

18 WL 4647881, at *5.

19      Plaintiff then filed an action in this Court against Defendants Suresh Deopura (founder of

20 Dew Ventures), FeathersUp (an entity formerly owned by Nestlings), and Dew Ventures seeking

21 declaratory judgment that Plaintiff's notes against Nestlings have priority over Dew Ventures'

22 debt, and bringing numerous other claims including tortious interference with contract, violation

23 of the California Uniform Voidable Transactions Act, breach of fiduciary duties, conspiracy, and

24 conversion.  *See* Compl. at ¶¶ 51–177.  Plaintiff also sought an immediate TRO freezing all of

25 Nestlings' assets and accounts transferred to Dew Ventures and preventing Defendants from

26 further transfers of any such assets or accounts.  *See* Dkt. No. 2 at 1.  The Court denied Plaintiff's

27 request to grant a TRO before Defendants could be heard and ordered Plaintiff to serve

28 Defendants.  *See* Dkt. No. 2 ("Mot.).  Defendants then timely filed their opposition to the TRO

2

1 and the Court heard oral argument on November 26, 2024. *See* Dkt. Nos. 13, 31.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839, n.7 (9th Cir. 2001). A plaintiff seeking preliminary relief must establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III. DISCUSSION

Plaintiff requests a temporary restraining order 1) "freezing all assets" of Nestlings transferred to Dew Ventures, and 2) "enjoining any transfer of Nestling's assets by and/or between the Defendants and any other individual or entity." Mot. at 1.

### A. Likelihood of Success on the Merits

Plaintiff argues it is likely to succeed on the merits of its claims for declaratory judgment, violation of the California Uniform Voidable Transfer Act, and conspiracy. *See* Dkt. No. 2 at 15. Specifically, Plaintiff argues that because Candid Ventures perfected its notes, Plaintiff has priority over Dew Ventures as a creditor, and the transfer to Dew Ventures in order to deprive Plaintiff of its right to collect this priority debt was voidable under California law. *See id.*

1  Plaintiff argues that Defendants conspired to deprive Candid Ventures of its rights as a secured

2  creditor and as a preferred shareholder of Nestlings. *See id*.

3        The Court agrees that Plaintiff has shown that there are at least serious questions going to

4  the merits of its claim that the transfer to Dew Ventures was void under California law.  California

5  Civil Code Section 3439.04 provides that a transfer by a debtor is voidable if made "(1) [w]ith

6  actual intent to hinder, delay, or defraud any creditor of the debtor," and (2) [w]ithout receiving a

7  reasonably equivalent value in exchange for the transfer or obligation." *See* Cal. Civ. Code

8  § 3439.(a)(3)(A).  In addition, the creditor must show that the debtor either "was engaged or was

9  about to engage in a business or a transaction for which the remaining assets of the debtor were

10 unreasonably small in relation to the business or transaction," or "[i]ntended to incur, or believed

11 or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability

12 to pay as they became due." *See id.*

13       Here, Defendants concede that Nestlings transferred all of its assets to Dew Ventures,

14 despite the fact that Plaintiff was a secured creditor with priority over Dew Ventures' unsecured

15 debt.  *See* Dkt. No. 21 at 10; Cal. Com. Code § 9322(a)(1) ("Conflicting perfected security

16 interests . . . rank according to priority in time of filing or perfection.").  Plaintiff alleges that

17 Defendants did so "with the specific intent to prevent Candid Ventures from acquiring Nestlings'

18 assets."  Compl. ¶¶ 85–86.  Given the timing of the asset transfer shortly after Plaintiff alleges it

19 demanded repayment as priority creditor and protested the transfer as a preferred shareholder,

20 Plaintiff has shown that there are at least serious questions going to its claim under California's

21 Uniform Voidable Transactions Act, which allows a creditor to seek an injunction against further

22 disposition by a transferee in receipt of a fraudulent transfer.  *See* Cal. Civ. Code

23 § 3439.07(a)(3(A).  Moreover, Defendants' only substantive counterargument is that Plaintiff's

24 priority debt should be equitably subordinated due to its own bad faith conduct.  *See* Dkt. No. 21

25 at 16–17.  But the Court need not decide that issue now given that Plaintiff has asserted a

26 "cognizable claim," and an equitable order to preserve the status quo is necessary here, as

27 discussed below.  *See In re Focus Media Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004).

28 //

**B.      Irreparable Harm**

The Court finds that Plaintiff has shown that it is likely to suffer irreparable harm if the Court does not prevent Defendants from transferring the assets Dew Ventures acquired from Nestlings.  Plaintiff is essentially seeking to unwind the transfer to Dew Ventures for various reasons, based on its status both as secured creditor and as preferred shareholder of Nestlings.  Plaintiff argues that it needs to freeze the assets to exercise its rights as priority creditor on the $51,000 debt, but also contends that intangible assets, such as Nestlings' IP, contracts with third parties, web platforms, and social media accounts, were fraudulently transferred without Plaintiff's required authorization as preferred shareholder.[1]  *See* Mot. at 5.  Further, as counsel confirmed at the hearing on the motion, Plaintiff's lawsuit against Nestlings in the Southern District of Ohio is ongoing.  A TRO is therefore necessary to prevent any further transfer of the contested assets, which would require Plaintiff to (once again) seek relief against a different defendant or defendants in potentially yet another court.  *See In re Focus Media*, 387 F.3d at 1085 (TRO is appropriate to "preserve the status quo pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested").

However, the Court does not find that freezing the contested assets themselves is warranted.  Plaintiff has not shown that it is likely to suffer irreparable harm if Defendants are not prevented from "using" any of the assets by, for example, using Nestlings' IP to service its former customer accounts or contracts with universities.  If Plaintiff ultimately prevails on its challenge to the transfer to Dew Ventures, and establishes that Defendants' use of any Nestlings' assets harmed Plaintiff or its interests, that harm is compensable by monetary damages.  Accordingly, equitable relief is necessary only to prevent Defendants from transferring those assets and thus preventing Plaintiff from obtaining relief as to them.  *See Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) ("A party seeking an asset freeze must show a likelihood of dissipation of the claimed

---

[1] Defendants submitted a sworn declaration under penalty of perjury stating that Dew Ventures received these assets from Nestlings on December 19, 2024, and that it did not receive any Nestlings assets after Plaintiff filed its TRO request in Ohio.  *See* Dkt. No. 30, ¶¶ 6–9.

1 assets, or other inability to recover monetary damages, if relief is not granted.").

### C. Balance of the Equities

The Court finds that, given the considerations outlined above, the balance of the equities tips sharply in Plaintiff's favor.  Without an order enjoining Defendants from transferring Nestlings' assets pending the resolution of Plaintiff's challenge to the conveyance to Dew Ventures, Defendants would be free to transfer the contested assets to a third party beyond this Court's jurisdiction, forcing Plaintiff to continue chasing them from one venue to another. Further, Defendants have not shown how such an order simply maintaining the status quo and keeping the assets in their possession and control would harm them.  By contrast, a freezing order prohibiting Defendants from using any of these assets is likely to harm Defendants' business interests and is not necessary to ensure that Plaintiff may obtain final relief.  This factor thus weighs in favor of granting Plaintiff's request to enjoin Defendants from transferring or conveying the Nestlings assets.

### D. Public Interest

The Court finds that the public interest factor is neutral in this case given that an order prohibiting Defendants from transferring any of the contested assets will only impact the parties in this quintessentially private dispute. *See Jain v. Unilodgers, Inc.*, No. 21-CV-09747-TSH, 2024 WL 478030, at *5 (N.D. Cal. Feb. 7, 2024) ("When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction.") (citing *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009)).

\*          \*          \*

The Court accordingly **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for temporary restraining order.  The Court **GRANTS** the motion to the extent Plaintiff seeks to prevent Defendants from transferring the Nestlings assets to any third parties.  The Court **DENIES** Plaintiff's request to prevent Defendants from using the assets.

//

//

### IV. BOND

Under Rule 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, district courts have considerable discretion in determining whether the posting of a bond is necessary:

> Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any. In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.

*Johnson v. Couturier*, 572 F.3d at 1086 (quotation and internal citations omitted). The Court finds a bond is not necessary here because there is no realistic likelihood of harm to Defendants from temporarily enjoining further transfer of the contested assets.

### V. CONCLUSION

The Court **GRANTS IN PART** Plaintiff's TRO application and **ORDERS** that Defendants are **ENJOINED** from transferring, selling, or otherwise ceding control and/or possession of any of the assets Dew Ventures received from Nestlings to any third party. The Court **DENIES** Plaintiff's request to prevent Defendants from using these assets. This TRO shall take effect immediately and shall remain in effect until further order of this Court.

The Court further **DIRECTS** the parties to meet and confer and submit a joint stipulation and proposed order by December 4, 2024, proposing a schedule for briefing and hearing on Plaintiff's motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated: 11/27/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge