UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDID VENTURES, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEW VENTURES, INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-07800-HSG<br><br>**ORDER DENYING REQUEST TO TRANSFER ASSETS TO NESTLINGS**<br><br>Re: Dkt. No. 38 |

On November 27, 2024, the Court issued a temporary restraining order ("the TRO") enjoining Defendant Dew Ventures, Inc. from "transferring, selling, or otherwise ceding control and/or possession of any of the assets Dew Ventures received from Nestlings to any third party." Dkt. No. 31 at 7. Per the parties' stipulation, the Court set a hearing on Plaintiff's motion for preliminary injunction for January 30, 2025. Dkt. No. 36. Plaintiff filed its motion for preliminary injunction on December 31, 2024. Dkt. No. 39.

That same day, Dew Ventures and Specially Appearing Defendant Feathers Up India PVT LTD ("Defendants") filed a "motion for clarification" seeking confirmation that transferring the assets at issue back to Nestlings would not violate the TRO. Dkt. No. 38. Defendants then filed an opposition to Plaintiff's motion for preliminary injunction proposing that the Court continue the hearing on the preliminary injunction to allow time for the transfer to Nestlings to occur, at which point the injunction motion will be moot. Dkt. No. 42 at 2.

Plaintiff opposes the transfer, arguing that the TRO's prohibition on the transfer of assets to "any third party" includes Nestlings. Dkt. No. 41 at 5. Plaintiff further alleges that sending the assets back to Nestlings would cause undue prejudice to Plaintiff by forcing it to "rush back to the Court in the Southern District of Ohio and once again seek immediate injunctive relief," during

which time Defendants would be "unrestrained to do whatever they may wish with the assets." *Id.* at 3. Defendants respond that Plaintiff would not be prejudiced by having to seek relief in Ohio where a case involving this dispute is already pending. Dkt. No. 43 at 2.

The Court denies Defendants' request and confirms what is obvious: the TRO does not allow Dew Ventures to transfer the assets to Nestlings. Defendants' interpretation of the Court's order is plainly unreasonable. The purpose of a TRO is to maintain the status quo at the time injunctive relief is ordered. *See E. Bay Sanctuary Covenant v. Trump, 932 F.3d 742*, 779 (9th Cir. 2018). The TRO prohibiting transfer of the disputed assets to "any third party" clearly refers to any party beyond the party disputing ownership of the assets and seeking injunctive relief, Plaintiff Candid Ventures, and the party holding the assets at the time the TRO was issued, which is Defendant Dew Ventures, not Nestlings. Dkt. No. 31 at 7. Defendants' conclusory argument on reply that Nestlings is a "necessary party" to this lawsuit, Dkt. No. 41 at 2, is immaterial: even if that were true, Nestlings would still be a "third party" within the meaning of the TRO. Accordingly, Defendants may not transfer the assets to Nestlings while the TRO is in effect.

The Court finds it inefficient and wasteful that two apparently duplicative cases related to this dispute are proceeding in different jurisdictions. But while Defendants attempt to cast their request to transfer the assets back to Nestlings as a helpful gesture to streamline the dispute, the Court disagrees. As Defendants well know, Plaintiff only sought relief in this jurisdiction after Dew Ventures and Nestlings had completed the transfer of the disputed assets to Dew Ventures and successfully obtained Dew Ventures' dismissal from the Ohio case for lack of personal jurisdiction. *See* Dkt. No. 31 at 2. Further, Plaintiff argues that transferring the assets back to Nestlings is not necessary because Plaintiff may recover them directly from Dew Ventures if Plaintiffs prevails on its fraudulent conveyance claim against Dew Ventures in this matter. *See* Dkt. No. 41 at 3.

All that said, the Court strongly urges the parties to consider whether an agreement can be reached to focus the entire dispute in the Southern District of Ohio where Plaintiff brought its initial complaint, especially given that the parties there appear to be in active settlement discussions. *See Candid Ventures, LLC v. Nestlings, Inc.*, No. 1:24-CV-528-NWM (December 12, 2024), ECF No. 52 (order staying case pending settlement discussions). The Court is of the view

that reasonable counsel should be able to come to such an agreement, but it needs to be part of a unanimous overall strategy. Neither the courts (both here and in Ohio) nor the parties will benefit from any further resource-burning gamesmanship.

Defendants' request to transfer the assets to Nestlings is thus **DENIED**. Dkt. No. 38. The Court also denies the request to continue the hearing on the preliminary injunction.

**IT IS SO ORDERED.**

Dated: 1/9/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge