UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDID VENTURES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEW VENTURES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-07800-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 76 |

Before the Court is Plaintiff Candid Ventures, LLC's ("Plaintiff") motion to dismiss. Dkt. No. 76. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion.

**I.　BACKGROUND**

Plaintiff alleges that Defendants Suresh Deopura ("Deopura"), FeathersUp India Pvt. Ltd., and Dew Ventures, Inc. ("Dew") (collectively, "Defendants") engaged in the fraudulent transfer of assets held by non-party Nestlings, Inc. ("Nestlings") in order to deprive Plaintiff of its equity interest in Nestlings. *See* Dkt. No. 1 ("Compl.") at ¶¶ 1, 62. Specifically, Plaintiff alleges that it loaned Nestlings a total of $51,000 in August 2024, while Nestlings also incurred an unauthorized and unsecured debt from Dew. *Id.* ¶¶ 22, 34. Then, in September 2024, after Plaintiff demanded repayment of its loans, Plaintiff alleges Defendants improperly transferred all of Nestlings' assets to Dew without obtaining Plaintiff's authorization as priority creditor and preferred shareholder of Nestlings. *Id.* ¶¶ 53, 63. Defendants filed counterclaims against Plaintiff and Cross-Defendant Anushree Vora ("Vora"). *See* Dkt. No. 62. Plaintiff moved to dismiss those claims, and Defendants filed an amended counterclaim, which Plaintiff now seeks to dismiss. *See* Dkt. 72 ("Countercl."); Dkt. 76 ("Mot.").

1         Defendants assert one counterclaim for promissory estoppel. Countercl. ¶¶ 33–37.
2   Defendants allege that Vora first invested in Nestlings in 2020 through Plaintiff in exchange for
3   preferred shares. *Id*. ¶ 9. In 2022, Defendants allege that Nestlings contracted to provide software
4   services for a university in India and asked Vora for help raising further funding. *Id*. ¶¶ 11, 15.
5   Vora allegedly asked Nestlings, "[C]an we get a loan? I understand these will not be the most
6   favorable terms but I think this business can make the case for a line of credit." *Id*. ¶ 15. In the
7   face of a "cash crunch that put the [contract] at risk," Defendants allege that Nestlings reached out
8   to Deopura, who provided $205,000 "between November 2022 and February 2023" and "agreed to
9   postpone the discussion of terms till a later date." *Id.* ¶ 17. In March 2023, Defendants allege that
10  Vora suggested formalizing Deopura's funding by creating a line of credit and treating his
11  contributions as debt and stated, "I think with [Deopura] we should take it as debt. Have we
12  considered a line of credit?" *Id.* ¶ 18. Defendants also claim that Vora "stated in multiple
13  meetings with [Deopura] that Dew's monetary contributions would be protected and that Dew
14  would have priority in the event of liquidation or wind-down." *Id*. ¶ 19.

15        By mid-2024, Nestlings was allegedly "in dire financial straits. *Id.* ¶ 20. Dew allegedly
16  made several offers to acquire an interest in Nestlings, but Vora refused to "agree to investment
17  terms satisfactory to [Deopura] where his contribution would be treated as equity" and "refused to
18  treat the contribution as debt." *Id.* ¶¶ 25, 27. Defendants allege that Nestlings then dissolved and
19  transferred all its assets to Dew in mid-September 2024. *Id.* ¶¶ 28, 31.

20  **II.   LEGAL STANDARD**
21       **A.   Rule 12(b)(6)**
22        Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain
23  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A
24  defendant may move to dismiss a complaint for failing to state a claim upon which relief can be
25  granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the
26  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
27  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule
28  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

### III. DISCUSSION

To sufficiently plead a claim for promissory estoppel under California law, a plaintiff must allege: (1) that there was "a clear and unambiguous" promise; (2) "reliance by the party to whom the promise is made;" (3) "reasonable and foreseeable" reliance; and (4) injury as a result of that reliance. *See U.S. Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887, 901 (2005) (quotation omitted).  Plaintiff argues that Defendants' claim should be dismissed because (1) they did not allege that Plaintiff or Vora made a clear and unambiguous promise; (2) they "cannot have reasonably relied on purported promises that were made after the relevant events"; and (3) they were not harmed by reliance on any alleged promises.  Mot. at 4.  The Court finds that Defendants fail to adequately allege that they relied upon any promise alleged in the counterclaim.

#### A. Clear and Unambiguous Promise

Plaintiff argues that only three of Defendants' allegations could plausibly constitute a clear and unambiguous promise: (1) Vora's October 2022 comment to Nestlings, asking, "[C]an we get a loan?  I understand these will not be the most favorable terms but I think this business can make the case for a line of credit," Mot. at 4 (citing Countercl. ¶ 15); (2) Vora's March 2023 text message to Nestlings, stating, "I think with [Deopura] we should take it as debt.  Have we considered a line of credit?" Mot. at 4 (citing Countercl. ¶ 18); and (3) Vora's statements "in multiple meetings with [Deopura] that Dew's monetary contributions would be protected and that Dew would have priority in the event of liquidation or wind-down," Mot. at 4 (citing Countercl.

3

¶ 19). Defendants argue that "they have specified that [Plaintiff and Vora] promised to treat the Dew Parties' contributions as debt with priority in both . . . text messages and meetings." Opp. at 5 (citing Countercl. ¶¶ 18, 19, 34).

Defendants have sufficiently alleged a clear and unambiguous promise. "To be enforceable, a promise need only be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1045 (2010) (quotation omitted). Defendants allege that Vora made several statements in meetings that "Dew would have priority in the event of liquidation or wind-down." Countercl. ¶ 19. While Defendants' allegations lack some specificity about how much priority Dew would be given, the Court finds that, construing this allegation in the light most favorable to Defendants, this alleges a promise to give Dew's interests some degree of priority in a wind-down, which is sufficiently definite for the Court to "determine the scope of the duty" at the pleading stage.[1] *Cf. Edwards v. Fed. Home Loan Mortg. Corp.*, No. 12-CV-04868-JST, 2013 WL 2355445, at *3 (N.D. Cal. May 29, 2013) (finding similarly sparse and general allegations sufficient to plead a clear and unambiguous promise).

### B. Actual Reliance

Next, Plaintiff argues that Defendants cannot have relied on a promise that was made *after* Deopura invested in Nestlings. Plaintiff notes that Defendants allege that Dew and Deopura provided funding to Nestlings between November 2022 and February 2023 and "agreed to postpone the discussion of terms till a later date," and only began to consider treating Deopura's investments as priority debt "after the fact, in March 2023." Countercl. ¶¶ 17–19. Defendants

---

[1] In contrast, Defendants do not sufficiently plead a clear and unambiguous promise through the other allegations the parties discuss. The allegation that Dew's monetary contributions would be "protected," *see* Countercl. ¶ 19, is too vague to constitute a clear and unambiguous promise. The other paragraph that Defendants cite is purely conclusory and describes no specific allegations. *See* Countercl. ¶ 34; *cf. Moates v. Facebook Inc.*, No. 22-CV-04478-RFL, 2024 WL 2853976, at *3 (N.D. Cal. Apr. 3, 2024) (finding failure to state a claim given general, conclusory language that there was a promise). And the Court agrees with Plaintiff that Vora's October 2022 and March 2023 statements were general questions and suggestions and were not promises to anyone. Moreover, Defendants do not adequately allege how these statements apparently to non-party Nestlings created promises that Defendants reasonably relied upon.

claim that Plaintiff ignores their allegations, but they do not cite to supporting facts in their counterclaim.  *See* Opp. at 6.  Instead, Defendants argue that Plaintiff's complaint alleges that Dew provided funding as late as July 2024, after Vora's alleged promises.  Opp. at 6 (citing Compl. ¶ 34).

        The Court agrees that Defendants did not adequately plead reliance on any promise as alleged.  "Reliance requires a change of position in any way, either by act or forbearance in reliance on [the] promise . . . ."  *Temple v. Bank of Am., N.A.*, No. 15-CV-01330 NC, 2015 WL 3658834, at *4 (N.D. Cal. June 12, 2015) (quotation omitted).  Defendants do not allege anywhere in their counterclaim that Vora or Plaintiff made any promise before Defendants invested in Nestlings.  Nor do Defendants allege *how* they relied on these statements—Plaintiff assumes that Defendants' theory is that Deopura and Dew would not have invested absent this promise, but Defendants do not allege this or even articulate it in their motion.  *Cf. Zierolf v. Wachovia Mortg.*, No. C-12-3461 EMC, 2012 WL 6161352, at *8 (N.D. Cal. Dec. 11, 2012) (dismissing a claim where "[t]he amended complaint alleges no facts which show that Plaintiff changed his position in any way because of what he was allegedly promised by Defendant").  Defendants cannot fix these deficiencies by relying on allegations in the Complaint, particularly where they have disavowed the truth of any such allegations.  Countercl. ¶ 1.[2]

//
//
//
//
//

---

[2] Because the Court finds that Defendants have not sufficiently alleged that they relied upon any promise, the Court does not consider Plaintiff's arguments about whether such reliance would have been reasonable or foreseeable.  The Court likewise does not reach Plaintiff's argument that Defendants did not allege an injury as a result of any reliance, since Defendants are currently in possession of all of Nestlings' assets and thus received the priority they claim they were promised.  Mot. at 6–7.  Defendants do not appear to dispute this fact, but argue that they are being sued to reverse this priority.  Opp. at 6–7.  But this theory of injury is not clearly alleged in the counterclaim.

5

**IV.   CONCLUSION**

Defendants have not adequately alleged reliance. The Court cannot say at this stage that amendment necessarily would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted). Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss, Dkt. No. 76, **WITHOUT PREJUDICE**. Any amended counterclaim must be filed within 14 days from the date of this Order.

**IT IS SO ORDERED.**

Dated:  9/29/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge